No. 46.—R. F. AKIN, guar. of Susan Ranghill, plaintiff in error, *vs.* JOHN W. ANDERSON, guar. of Margaret Williams, defendant in error.

[1.] W W, a free person of color, died, leaving a tract of land in the occupancy of M, also a free person of color, as his wife.  S W, who was also a free person of color, claimed the land as the sister of W W and sued M for it: *Held*, that she was not entitled to recover the land of M.

Ejectment, in Chatham Superior Court.    Decision by Judge FLEMING, February Term, 1855.

The points in this case arose upon the following special verdict:

We find that Fanny Williams, a free woman of color, departed this life in the City of Savannah, some time in the year eighteen hundred and forty-three; that from the year eighteen hundred and twenty-five until the time of her death, she was the owner of and in possession of lot No. 35 and improvements, in Washington ward, City of Savannah; that the said Fanny Williams, at the time of her death, left two children, viz: Susan, the ward of the plaintiff, and William Williams, her surviving; that the said William Williams departed this life some time in the year 1850, without leaving a child or children; that at the time of his death and some time before, the said Margaret Williams, the ward of the defendant, was recognized by the said William Williams as his wife, and lived with him as such; that after the death of the said Fanny Williams, the said Susan and the said William Williams, went into the possession of the said lot and premises; and that upon the death of the said William Williams, the said Margaret kept possession of one half of said lot and improvements, and still continues in possession.    If the Court shall be of the opinion that the said Susan is entitled, as the descendant of the said Fanny, to the entire lot and premises in dispute, then we find in favor of the plaintiff, with costs of

suit; and if the Court shall be of the opinion that the said Margaret, as the wife of the said William Williams, is entitled, by law, to the said premises in dispute, by reason of her marital rights, then we find for the defendant, with costs of suit. February 10th, 1855.

ELISHA PARSONS, Foreman.

Judge FLEMING, on the ninth of January, 1856, made the following decision:

By the special verdict which is annexed to this decision, it appears that Fanny Williams, a free woman of color, died the owner of and in possession of lot No. 35, and improvements, in Washington ward, City of Savannah; that she died, leaving two children surviving her, viz: Susan and William Williams; that said Susan and William Williams, upon the death of their mother Fanny, went into possession of said lot and improvements; and I infer that each went into possession of one half; for the special verdict states, that upon the death of William Williams, Margaret, whom he had recognised as his wife, and who had lived with him at the time of his death, kept possession of one half of said lot and improvements, and still continues in possession. Susan, I presume, is in possession of the other half, and now claims the whole; her brother William having died without children. By the Act of 1819, (*Cobb's Digest*, 995,) all property held by any free person of color, at the time of the passing of the above recited Act, (Act of 1818,) shall not be deemed or considered as forfeited, but that thes ame shall remain in the owner, or in his or her descendants after his or her death.

By virtue of this Act, Susan and William Williams became the owners, as the descendants of their mother Fanny, of said lot and improvements. It is a fair inference, that as such joint owners, they agreed between themselves, that each should become the sole owner of one half of said lot and improvements. If it is said that they were incapable of making such an agreement, I reply that the lapse of time, from eigh-

teen hundred and forty-three to eighteen hundred and fifty,. is sufficient to authorize the presumption that the arrangement was made with the sanction of their guardians, and through. them.  I cannot come to any other conclusion, than that William Williams was, at the time of his death, the owner and proprietor of the half lot now in the possession of Margaret, and which Susan is seeking to recover from her.  As such owner, the said half lot must go to his descendants, and not to the descendants of Fanny, under the above recited Act. What is the meaning of the word descendant, in this Act? Strictly speaking, descendant means posterity—children.  If this be the meaning of the Legislature, then neither of the parties before me claim this property as descendant, under the Act; for neither is the posterity of the decedent, William Williams.  One of the parties, however, is in possession, and no Court, I apprehend, in the action of ejectment, will turn a party out of possession, except in favor of the real owner,. Plaintiffs in ejectment must recover on the strength of their own title, not on the weakness of the defendant's title.  If William Williams departed this life the owner of this half lot, Susan, to recover it in the action of ejectment, must prove that she is his descendant, not that she is the descendant of Fanny.  Whether the property is escheated, there being no descendant of William Williams, is a question not now before me.  I find Margaret in possession, and although it be true that she is without title, yet I cannot turn her out in favor of Susan, who is also without a title.  I must leave the parties as I find them.

The above is the conclusion to which I have come, assuming that the Legislature, by the word descendant, meant children.  I am very much inclined to think, however, that the Legislature did not use this word in this, its strict and literal sense.  On the contrary, I understand the Statute as in effect declaring, that while free persons of color cannot acquire property in lands or slaves by purchase, yet they may, by descent or inheritance; and the person so inheriting, whether as child or other relation, takes as descendant, under

the Statute. I 'am disposed to put this construction upon the Statute, because it expressly declares, that: All property held by any free person of color, at the time of the passing of the Act of eighteen hundred and eighteen, shall not be deemed or considered as forfeited, but that the same shall remain in the owner, or in his or her descendants, after his or her death.

If I am correct in this construction of the Statute, then the naked question for my decision is, whether Susan or Margaret is the heir of, or, in the language of the Statute, is the descendant of William Williams?

Susan claims as his sister; Margaret claims as his wife. There would be no difficulty in saying that a wife takes in preference to a sister; the difficulty is in the question,. whether Margaret be the wife of William Williams? And on this question we are met by the broad proposition, that a free person of color cannot contract matrimony. The Supreme Court of Georgia have said as much in the case of *Bryan vs. Walton,* (14 *Ga. Rep.* 201.) The question was not directly before the Court, not being involved in the issue of that case; but I find no fault with the decision, as I understand it. The effect of the decision is, that the Act of manumission conferred upon the slave the power of going whither he pleased, and nothing more. That to contract—to marry—to vote—something more is required besides the mere act of enfranchisement. In one word, that persons of color have no rights or privileges, except what may be conferred upon them by Statute. To all this I assent; every proposition meets. the approbation of my most deliberate judgment; and I admit that there is no Statute authorizing free persons of color to contract matrimony, so as to authorize them to bring a suit for divorce, or to institute a criminal prosecution for adultery; and to that extent they cannot marry. But the Act of 1819 recognizes marriage among free persons of color, so far as may be necessary to determine the question of descent. I cannot doubt every relationship recognized in the law, is deducible from the relation of husband and wife, except, in-

deed, that a bastard is recognized as the child of the mother,. but as to the father, he is, in law, the child.

Now the Act of 1819 either recognizes the relation of the husband and wife, to the extent I have stated, viz : so far as may be necessary to determine the question of descent, or the Statute must be confined, in its operation, to descendants from the mother; for descendants from the father cannot be traced, independent of the relation of husband and wife. But the Act of 1819 is not thus restricted; its language is: "All property held by any free person of color, shall not be deemed or considered as forfeited, but that the same shall remain in the owner, or in his or her descendants after his or her death."

If this Statute does not recognize marriage among free persons of color, to the extent I have stated, then the relationship of father and child among them cannot exist; and the property of a free man of color must go to his relations by the mother's side, to the exclusion of the children of his own loins.

Marriage, then, among free persons of color, is recognized by the Act of 1819, so far as to determine the question of descent. In the table of descents, the wife stands in the first degree along with children. My judgment then is, that Margaret, as the wife of the said William Williams, is entitled,. by law, to the said premises in dispute; and it is ordered that the verdict of the Jury be entered in accordance with this judgment, as directed by them in the special verdict hereto attached.

W. B. FLEMING, Judge E. D. Ga.

On this decision, the following errors are assigned:

1st. That the Court erred in inferring, that as joint owners, the said Susan and William Williams agreed, between themselves, that each should become sole owner of one half of said lot and improvements in dispute, the said parties having guardians and being incapable of making and execu-

ting such an agreement, and no written or other evidence of the fact being before the Court.

2d. That the Court erred in presuming, from the lapse of time, that such arrangement was made with the sanction and approbation of their guardians, and through them, in the absence of all written or other evidence, and against the terms of the special verdict rendered.

3d. That the Court erred in deciding that William Williams was, at the time of his death, the owner and proprietor of the half lot now in dispute, so as to vest in Margaret, the defendant, as his wife.

4th. That the Court erred in not considering the premises in dispute, as the property and estate of Fanny Williams, as found by the special verdict, and not the property of William Williams, who jointly occupied the premises with Susan up to the time of his death.

5th. That the Court erred in deciding that marriage was recognized by the Act of 1819, among free persons of color, so far as may be necessary to determine the question of descent; the question submitted by the special verdict being, whether the plaintiff's ward or the defendant's ward, take equally of the estate of Fanny Williams, or whether Susan, the surviving child, takes exclusively as a descendant.

6th. That the Court erred in deciding, that Margaret Williams is entitled, by law, as the wife of William Williams, to the premises in dispute, and directing judgment to be entered on the special verdict in her favor.

DeLyon, for plaintiff in error.

Gordon, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

[1.] The Court below considered the special verdict as intending to say that a partition of the land had been made by the brother and sister, William Williams and Susan Williams,

between themselves, at some time before William's death. Whether this is the true interpretation of the verdict or not, seems to admit of a doubt.    But a doubt is not sufficient to justify the disturbing of the decision of a Court.  .

We assume, then, that there had been a partition between the brother and sister.

If there had been a partition, then the only question in the case is, whether Susan Williams *inherited* the land in dispute from her brother William ?    If she did, the plaintiff had title ; if she did not, the plaintiff had no title ; and if the plaintiff had no title, the defendant had the right to recover, whether he had any title or not.

Did Susan inherit the land from her brother William ?    If she did, she must have done so,  either by virtue of the Act of 1819, which is  applicable to inheritance among free persons of color only, or by  virtue of the Acts which regulate inheritance generally ; for there is no  other Act or law on the subject of inheritance.

The part of the Act of 1819, that bears on the question, is in these words :  " All property  held by any free persons of color, at the time of the passing of the above-recited Act, shall not be deemed or considered as forfeited ; but the same shall remain in the owner or in his or her descendants, after his or her death."    (*Cobb's Dig.* 995.)

Susan having  been the  sister of William, cannot be a descendant of his.    Therefore, she can take nothing by this Act.

William died without children.    But he left a wife, Margaret.

Such being the case, none of the Acts which regulate inheritance generally, give to his sister any part of his estate. On the contrary, one of these Acts, that of 1829, gives the whole of his estate to his wife.    (*Id.* 295.)

This is certainly so if William had a wife—if Margaret was his wife.

But it was argued that Margaret was not his wife ; that he

could not have a wife; that the law does not recognize the relation of husband and wife among free persons of color.

If this argument is good, it must be so because this is a true principle, viz: That no one of the relations from which relative rights spring, such as that of husband and wife, parent and child, &c. exists among free persons of color, unless it is made to exist among them by a special law.

There is certainly no special law which declares that the relation of husband and wife—the relation of marriage, shall exist among free persons of color.

But if this principle be true, it proves, not only that William, the deceased free person of color, could have no wife—it proves, also, that he could have no sister; it proves that he could have no next of kin, except " descendants." For there is no special law which declares that the relation of brother and sister, uncle and aunt, may exist among free persons of color. There is a special law which recognizes the relation of parent and child among free persons of color; that law which I have quoted—a law which allows " descendants" among free persons of color, to inherit from their parents. There is no special law which recognizes any other relation.

But if there is no special law which recognizes Susan Williams as the sister or the next of kin of William Williams, of what avail is it to her title, as plaintiff or plaintiff's lessor, that there is no law which recognizes Margaret Williams as the wife of William Williams? What profit is it to a plaintiff in ejectment, that the defendant has no title, if he has none?

So that, take what view of this case we may, we come to the same conclusion, viz: that the plaintiff was not entitled to recover.

We think the judgment of the Court below ought to be affirmed.